Meyer Lambert v. Isaac M. Hays and Others.— Motion granted and question certified as stated in order.

Jesse L. Boskowitz, as Administrator, v. Joseph H. Sulzbacher.— Motion granted.

In the Matter of William E. Deane, an Attorney.— Respondent disbarred. Settle order on notice.

In the Matter of Henry A. Robinson, an Attorney.— Reference ordered. Settle order on notice.

In the Matter of Myer Prinstein, an Attorney.— Reference ordered. Settle order on notice.

---

## FOURTH DEPARTMENT, MARCH, 1910.

Julia Reinhardt, Respondent, v. International Railway Company and the City of Buffalo, Appellants.— Judgment and order affirmed, with costs. All concurred, except McLennan, P. J., who dissented on the ground that the court committed reversible error in charging that "there can be no verdict in this case against the city alone and not against the railroad company."

Joseph Oman, Respondent, v. Phœnix Bridge Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to appellant to abide event. Held, that the verdict is contrary to and against the weight of the evidence, both as to defendant's negligence and plaintiff's freedom from contributory negligence. All concurred, except McLennan, P. J., and Kruse, J., who dissented.

Flora Carson, Respondent, v. The Village of Dresden, Appellant.— Judgment and order affirmed, with costs. All concurred, except Williams and Robson, JJ., who dissented upon the ground that the allowance by the trial court on the cross-examination of the witness Dalazon of the questions to which objection was made and exception taken, was prejudicial error.

John W. Ford, Suing in His Own Behalf and in Behalf of All Other Creditors of the Rochester Mexican Plantation Company, Respondent, v. Benjamin E. Chase and Others, Appellants, Impleaded with Augustus S. Pendry, Appellant, Respondent, and Frank A. Underwood and Others, Defendants.— Interlocutory judgment affirmed, with costs. All concurred, except McLennan, P. J., who dissented upon the ground that the indebtedness in question was contracted prior to the time when the defendants became stockholders of the corporation, within the meaning of section 56 of the Stock Corporation Law.*

Mae F. Menzer, as Administratrix, etc., of Joseph P. Menzer, Deceased, Respondent, v. The Niagara Gorge Railroad Company, Appellant, Impleaded

---

* See Gen. Laws, chap. 36 (Laws of 1892, chap. 688), § 54, as amd. by Laws of 1901, chap. 354; revised into Consol. Laws, chap. 59 (Laws of 1909, chap. 61), § 56.— [REP.